UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELINDA S., | |
| Plaintiff, | Case No. C20-5659-SKV |
| v. | ORDER REVERSING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1982, has at least a high school education, and has no past relevant work. AR 790. Plaintiff was last gainfully employed in September 2015. AR 783.

On September 8, 2015, Plaintiff applied for benefits, alleging disability as of June 1, 2013. AR 781. Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing. After the ALJ conducted a hearing on June 6, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 18-29.

The Appeal's Council denied review and the United States District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 832-844. On remand, the ALJ held a hearing and subsequently issued another decision finding Plaintiff not disabled. AR 778-98.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since September 8, 2015.

**Step two**: Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD), bipolar disorder with psychotic features, and cognitive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following nonexertional limitations: She can understand, remember, and apply short and simple instructions; she can perform routine, predictable tasks, not in a fast-paced production type environment; she can make simple decisions; she can have occasional exposure to workplace changes; and she can tolerate only occasional interaction with the general public.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 783-92.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence, discounting her testimony, and discounting the lay witness testimony. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

## A. The ALJ Erred by Misevaluating the Medical Evidence

Because Plaintiff filed her applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated two medical opinions.

### 1. Examining Psychologist Cynthia Collingwood, Ph.D.

Dr. Collingwood examined Plaintiff on April 14, 2017, and opined one of Plaintiff's "primary difficulties is a significant impairment in executive functioning, which impacts her ability to organize, sequence and plan across life activities." AR 648. She opined Plaintiff's cognitive disorder "appears to be life long, and is unlikely to improve with time," and her bipolar disorder "is likely to remain throughout her life." *Id*. She opined Plaintiff "has difficulty even with repetitive and routine tasks such as organizing and running a household, driving, meal planning and preparation." AR 649. Finally, she opined Plaintiff "would be unable to persist at simple tasks in a competitive work setting, as also noted by previous examiners." *Id*. The ALJ gave Dr. Collingwood's opinion "little weight." AR 788.

The ALJ first discounted Dr. Collingwood's opinion because "[a]s discussed above, the marked degree of functional limitation described by Dr. Collingwood cannot be reconciled with the longitudinal treatment notes from the claimant's treating psychiatric nurse practitioner. At no time during the period between October 2015 and October 2019 does the nurse practitioner describe any clinical findings consistent with the degree of impairment reported by Dr.

Collingwood." AR 788. Substantial evidence does not support this ground, and the ALJ's finding is legally erroneous under Ninth Circuit precedent. *See Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("It is the nature of bipolar disorder that symptoms wax and wane over time."); *Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Of note, Plaintiff struggled with thoughts of harming herself and her children throughout the relevant period. *See, e.g.*, AR 427 (treatment note from September 27, 2016, indicating Plaintiff "reports she has one thought about self harming[.]"); AR 431 (treatment note from July 25, 2016 indicating Plaintiff "reports having thoughts about harming her baby but is confused about why because 'I would never do that.'"); AR 455 (treatment note from October 25, 2015, indicating Plaintiff had a "fleeting suicidal ideation"); AR 675 (treatment note from April 21, 2017, indicating Plaintiff "reports no thoughts about harming her children lately"); AR 676 (treatment note from March 22, 2017, indicating Plaintiff "has had 'some unsavory thoughts about killing the kids,' two days in a row

last week"). The ALJ accordingly erred by discounting Dr. Collingwood's opinion as inconsistent with the longitudinal record.

The ALJ also discounted Dr. Collingwood's opinion as "flatly contradicted by the claimant's ability to act as a full-time parent and caregiver for an 11-month old infant while her husband is away at work during the daytime." AR 789. The ALJ found "it seems more likely that an individual who had impaired reality testing, and marked limitations in executive functioning as suggested by Dr. Collingwood, would not be able to act as a full-time caregiver to a young child, and that it might even be dangerous to the child for them to do so." *Id*. Substantial evidence does not support this ground. As noted above, Plaintiff had recurring thoughts of harming her children. Further, the ALJ failed to "develop a record regarding the extent to which and the frequency with which [Plaintiff] picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations[.]" *Trevizo*, 871 F.3d at 676. The ALJ accordingly erred by rejecting Dr. Collingwood's opinion on this ground.

*2. Examining Psychologist David Barrett, Ph.D.*

Dr. Barrett examined Plaintiff on November 6, 2015, and opined Plaintiff "has some serious conditions which have impacted her ability to work in the past. She has mood swings, panic attacks and anxiety from PTSD. She may also have severe learning disabilities. These conditions would impact her ability to learn and carry out job duties as well as her ability to stay on a job." AR 397. The ALJ gave Dr. Barrett's opinion "some weight." AR 789.

The ALJ seemingly discounted Dr. Barrett's opinion regarding Plaintiff's mental functioning because it was "not especially precise." AR 789. This reason is not specific and legitimate. *See Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical

opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). The ALJ accordingly erred by discounting Dr. Barrett's opinion.

### B. The ALJ Erred by Discounting Plaintiff's Testimony

Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "she continues to be unable to work due to symptoms of anxiety and depression. She described continuing problems with memory, concentration, and staying on task and she indicated she is easily overwhelmed. She also reported increased depression, which she attributed to marital problems." AR 787.

The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 787.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical record. However, because the ALJ erred in discounting the opinions of Dr. Collingwood and Dr. Barrett and the medical evidence must therefore be reevaluated, the ALJ must also reassess Plaintiff's testimony on remand in light of this reevaluation.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

The ALJ also discounted Plaintiff's testimony as inconsistent with her activities: "[H]er reports of being able to care for two young children, including an infant, as well as perform a variety of household chores, and prepare meals for her family on a daily basis, suggest that her physical functioning has been substantially intact during the period under review[.]" AR 787. Substantial evidence does not support this ground. As discussed above, the ALJ did not sufficiently develop the record with respect to Plaintiff's caretaking of her children. Further, the other minimal activities the ALJ cites do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony.

### C. The ALJ Erred by Discounting the Lay Witness Testimony

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by discounting her husband's testimony.

The ALJ found Plaintiff's husband's statements to be "generally consistent with the claimant's allegations," and discounted them "because they are not fully supported by the objective medical evidence and the longitudinal treatment history[.]" AR 790. Because the ALJ misevaluated the medical evidence and erroneously discounted Plaintiff's testimony, the ALJ erroneously discounted the lay witness testimony on these grounds.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the opinions of Dr. Collingwood and Dr. Barrett and the testimony of Plaintiff and her husband, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 4th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9